SIAMAK VAZIRI, ESQ. [SBN 242447]
MATTHEW M. TAYLOR, ESQ. [SBN 252556]
AARON G. MILLER, ESQ. [SBN 279126]
ANDREW ALEXANDROFF, ESQ. [SBN 327190]
**VAZIRI LAW GROUP, APC**
5757 Wilshire Blvd., Ste. 670
Los Angeles, CA 90036
Telephone: (310) 777-7540
Facsimile: (310) 777-0373
Attorneys for Plaintiff, DANIEL VALLES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL VALLES,<br><br>Plaintiff,<br>v.<br><br>FORT MASON, THE GENERAL'S RESIDENCE, THE GUARDSMEN, NATIONAL PARK SERVICE; UNITED STATES OF AMERICA, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**[*Demand for Jury Trial*]** |

COMES NOW, Plaintiff DANIEL VALLES (hereinafter "Plaintiff"), by and through his attorneys, Vaziri Law Group, APC, for his Complaint against Defendants FORT MASON, THE GENERAL'S RESIDENCE, THE GUARDSMEN, NATIONAL PARK SERVICE and UNITED STATES OF AMERICA, alleges, on knowledge as to their own actions, and otherwise upon information and belief as follows:

**JURISDICTION, VENUE and CONDITIONS PRECEDENT**

1. Plaintiff is a natural person who is a resident of the State of California, County of San Francisco, and over the age of 18, at all relevant times.
2. Defendant Fort Mason is a business or governmental entity, form unknown. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this

complaint, Defendant Fort Mason was and is now an active business or governmental entity doing business in the County of San Francisco, State of California.

3. Defendant The "General's Residence" is a business or governmental entity, form unknown. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this complaint, Defendant The "General's Residence" was and is now an active business or governmental entity doing business in the County of San Francisco, State of California.

4. Defendant The Guardsmen is a business entity, form unknown. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this complaint, Defendant The Guardsmen was and is now an active business or governmental entity doing business in the County of San Francisco, State of California.

5. Defendant National Park Service is a governmental entity/agency. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this complaint, Defendant National Park Service was and is now an active business or governmental entity doing business in the County of San Francisco, State of California.

6. Defendant United States of America is a governmental entity.

7. The claims herein are brought against Defendants Fort Mason, The General's Residence, The Guardsmen, National Park Service, and the United States of America ("Defendants"). The claims brought against National Park Service and United States of America and being brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 1346(b)(1) and 28 U.S.C. Section 2671, et seq., for money damages as compensation for the negligent, reckless and careless acts and omissions of Defendants, by its agents, servants and/or employees, while acting within the scope of their employment and offices, under circumstances where, if the Defendants were private persons, they would be liable to the Plaintiff in accordance with the laws of the State of California.

8. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES 1 to 50, inclusive, are unknown to Plaintiff who therefore sues such Defendants by fictitious names, but will amend this Complaint to show their true names and capacities when same have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the Defendants herein designated as "DOE" is in some manner, and to

some extent, legally responsible in some manner for the events and happenings herein referred to and caused injury and damage proximately to Plaintiff as herein alleged.

9. At all times mentioned herein, Defendants and DOES 1 through 50, and each of them, were the agents, servants, employees, successors in interest, and/or joint ventures of the remaining Defendants and DOES 1 through 50, inclusive, and each of them, and each was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture.

10. Venue is proper in that all, or a substantial part, of the acts and omissions forming the basis of the claims occurred in the Northern District of California and, more specifically, at the premises on information and belief known as "The General's Residence," located at or near 1 Fort Mason, in the City of San Francisco, California, 94109.

11. Plaintiff has fully complied with the provisions of 28 U.S.C. Section 2675 of the Federal Tort Claims Act as to all governmental entities.

12. This suit has been timely filed in that Plaintiff timely served notice of his claims upon the National Park Service by claim dated 10/04/2019, and received by National Park Service on 10/11/2019. Attached hereto as Exhibit "A" is a copy of said notice.

13. Plaintiff timely served notice of his claim upon United States of America by claim dated 10/04/2019, and received by United States of America on 10/05/2019. Attached hereto as Exhibit "B" is a copy of said notice.

14. As of the filing of this Complaint, Plaintiff's claims to both National Park Service and United States of America have been rejected by operation of law.

15. At all times mentioned in this complaint, Defendants, and DOES 1 through 50 owned, managed, inspected, controlled, repaired, and/or operated "The General's Residence".

**FIRST CAUSE OF ACTION**

**GOVERNMENT LIABILITY-DANGEROUS CONDITION OF PUBLIC PROPERTY**

**[Against DEFENDANTS NATIONAL PARK SERVICE and UNITED STATES OF AMERICA and DOES 1 through 50, Inclusive]**

16. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 15 above, as though fully set forth herein.

17. On May 4, 2019, Defendants and DOES 1 to 50, inclusive, and each of them, in various

capacities, maintained, owned, controlled, and/or operated the Premises known as "The General's Residence".

18. On May 4, 2019, Defendants and DOES 1 through 50 had a duty to Plaintiff and the general public to own, inspect, correct, repair, and/or maintain the Premises known as "The General's Residence", to be free of any **hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails**, all of which exposed Plaintiff to accident, injuries and related damages.

19. On May 4, 2019, Defendants and DOES 1 through 50 and their respective agents and/or employees so negligently owned, leased, controlled, supervised, managed, inspected, maintained, repaired, and/or constructed "The General's Residence", so as to allow **hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails** to exist, which when Plaintiff came into contact with the same on May 4, 2019, proximately caused the Plaintiff to *slip and fall*, proximately causing Plaintiff to sustain substantial injuries and related damages.

20. In addition and/or the alternative, Defendants and DOES 1 through 50 failed to warn Plaintiff and the general public of the existing hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails. Defendants and DOES 1 through 50 failed to inspect, maintain, and/or correct said conditions or in the alternative, secure and block off access to the immediate area where the dangerous conditions existed.

21. Plaintiff is further informed and believes and based thereon alleges that under *California Government Code sec. 830, 835, et seq.*, Defendants, and DOES 1 through 50, inclusive, are public entities, liable for injury caused by a dangerous condition of the property under their ownership and/or control as set forth herein.

22. Plaintiff is further informed and believes and based thereon alleges that either a negligent or wrongful act or omission of an employee, contractors, sub-contractors of Defendants and DOES 1 through 50, inclusive, within the scope of their employment, or through contractual

obligations on behalf of Defendants, created the dangerous condition, as herein stated.

23. In the alternative, Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1 through 50, inclusive, had actual and/or constructive notice of said dangerous conditions under *Section 835.2* with sufficient time prior to Plaintiff's injury to have taken measures to protect against the dangerous condition. The lack of adequate handrail was a long-standing dangerous condition. Despite Defendants' actual and/or constructive notice of the unreasonably dangerous, defective and/or unsafe conditions, Defendants failed to so remedy, or in the alternative, repair or warn Plaintiff and the general public of such existing dangerous condition.

24. These dangerous, defective, and/or unsafe conditions created a reasonably foreseeable risk for the kind of injury that Plaintiff sustained.

25. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff has suffered severe injuries to his body and shock and injuries to his nervous system, all of which caused and continues to cause him severe pain and discomfort and Plaintiff is informed and believes and based upon such information and belief alleges that he will in the future suffer severe mental, physical and nervous pain and suffering, all to his general damage in a sum according to proof at the time of trial.

26. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and injuries resulting there from, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of his medical expenses, when ascertained, or to prove that amount at trial.

27. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting there from, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that

amount at trial.

28. Defendants are a public entities upon which Plaintiff has, pursuant to California Government Code § 945.4, and currently the appropriate Federal statutes, timely served written government claims. By the time of serving this Complaint on the public entity Defendants, the written government claims were rejected. Consequently, Plaintiff has standing to bring suit for monetary damages against the aforementioned public entity Defendants.

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

**[Against DEFENDANTS FORT MASON, THE GENERAL'S RESIDENCE, THE GUARDSMEN and DOES 1 through 50, Inclusive]**

29. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 15 above, as though fully set forth herein.

30. On May 4, 2019, Defendants and DOES 1 to 50, inclusive, and each of them, in various capacities, maintained, owned, controlled, and/or operated the Premises known as "The General's Residence".

31. On May 4, 2019, Defendants and DOES 1 through 50 had a duty to Plaintiff and the general public to own, inspect, correct, repair, and/or maintain the Premises known as "The General's Residence", to be free of any **hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails**, all of which exposed Plaintiff to accident, injuries and related damages.

32. On May 4, 2019, Defendants and DOES 1 through 50 and their respective agents and/or employees so negligently owned, leased, controlled, supervised, managed, inspected, maintained, repaired, and/or constructed "The General's Residence", so as to allow **hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails** to exist, which when Plaintiff came into contact with the same on May 4, 2019, proximately caused the Plaintiff to *slip and fall*, proximately causing Plaintiff to sustain substantial injuries and related damages.

33. In addition and/or the alternative, Defendants and DOES 1 through 50 failed to warn Plaintiff and the general public of the existing hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails. Defendants and DOES 1 through 50 failed to inspect, maintain, and/or correct said conditions or in the alternative, secure and block off access to the immediate area where the dangerous conditions existed.

34. Plaintiff is further informed and believes and based thereon alleges that either a negligent or wrongful act or omission of an employee, contractors, sub-contractors of Defendants and DOES 1 through 50, inclusive, within the scope of their employment, or through contractual obligations on behalf of Defendants, created the dangerous conditions, as herein stated.

35. In the alternative, Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1 through 50, inclusive, had actual and/or constructive notice of said dangerous conditions with sufficient time prior to Plaintiff's injury to have taken measures to protect against the dangerous conditions. Despite Defendants' actual and/or constructive notice of the unreasonably dangerous, defective and/or unsafe conditions, Defendants failed to so remedy, or in the alternative, repair or warn Plaintiff and the general public of such existing dangerous condition.

36. These dangerous, defective, and/or unsafe conditions created a reasonably foreseeable risk for the kind of injury that Plaintiff sustained.

37. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff has suffered severe injuries to his body and shock and injuries to his nervous system, all of which caused and continues to cause him severe pain and discomfort and Plaintiff is informed and believes and based upon such information and belief alleges that he will in the future suffer severe mental, physical and nervous pain and suffering, all to his general damage in a sum according to proof at the time of trial.

38. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and injuries resulting there from, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all

in amounts presently unknown to him. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of his medical expenses, when ascertained, or to prove that amount at trial.

39. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting there from, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that amount at trial.

**THIRD CAUSE OF ACTION**

**PREMISES LIABILITY**

**[Against DEFENDANTS FORT MASON, THE GENERAL'S RESIDENCE, THE GUARDSMEN and DOES 1 through 50, Inclusive]**

40. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 15, and 29 through 39 above, as though fully set forth herein.

41. On May 4, 2019, Defendants and DOES 1 to 50, inclusive, and each of them, in various capacities, maintained, owned, controlled, and/or operated the Premises known as "The General's Residence".

42. On May 4, 2019, Defendants and DOES 1 through 50 had a duty to Plaintiff and the general public to own, inspect, correct, repair, and/or maintain the Premises known as "The General's Residence", to be free of any **hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails**, all of which exposed Plaintiff to accident, injuries and related damages.

43. On May 4, 2019, Defendants and DOES 1 through 50 and their respective agents and/or employees so negligently owned, leased, controlled, supervised, managed, inspected, maintained, repaired, and/or constructed "The General's Residence", so as to allow **hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate**

**handrails** to exist, which when Plaintiff came into contact with the same on May 4, 2019, proximately caused the Plaintiff to *slip and fall*, proximately causing Plaintiff to sustain substantial injuries and related damages.

44. In addition and/or the alternative, Defendants and DOES 1 through 50 failed to warn Plaintiff and the general public of the existing hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces, slippery steps, and exterior steps lacking adequate handrails. Defendants and DOES 1 through 50 failed to inspect, maintain, and/or correct said conditions or in the alternative, secure and block off access to the immediate area where the dangerous conditions existed.

45. Plaintiff is further informed and believes and based thereon alleges that either a negligent or wrongful act or omission of an employee, contractors, sub-contractors of Defendants and DOES 1 through 50, inclusive, within the scope of their employment, or through contractual obligations on behalf of Defendants, created the dangerous conditions, as herein stated.

46. In the alternative, Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1 through 50, inclusive, had actual and/or constructive notice of said dangerous conditions with sufficient time prior to Plaintiff's injury to have taken measures to protect against the dangerous conditions. Despite Defendants' actual and/or constructive notice of the unreasonably dangerous, defective and/or unsafe conditions, Defendants failed to so remedy, or in the alternative, repair or warn Plaintiff and the general public of such existing dangerous condition.

47. These dangerous, defective, and/or unsafe conditions created a reasonably foreseeable risk for the kind of injury that Plaintiff sustained.

48. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff has suffered severe injuries to his body and shock and injuries to his nervous system, all of which caused and continues to cause him severe pain and discomfort and Plaintiff is informed and believes and based upon such information and belief alleges that he will in the future suffer severe mental, physical and nervous pain and suffering, all to his general damage in a sum according to proof at the time of trial.

49. That as a direct and proximate result of the acts and omissions of the Defendants, and each of

them, and injuries resulting there from, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of his medical expenses, when ascertained, or to prove that amount at trial.

50. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting there from, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that amount at trial.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against all Defendants as follows:

(i) For economic damages including damages for past and future wage loss, employee benefits, vacation benefits, past and future medical expenses, according to proof at trial;

(ii) For non-economic damages including damages for past and future pain and suffering, according to proof at trial;

(iii) For pre-judgment interest at the maximum legal rate;

(iv) For post-judgment interest at the maximum legal rate;

(v) For costs of suit herein incurred;

(vi) For such other relief that at the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action.

///

///

///

DATED: April 15, 2020

VAZIRI LAW GROUP, A.P.C

/s/ *Andrew Alexandroff*

SIAMAK VAZIRI, ESQ.
MATTHEW TAYLOR, ESQ.
AARON G. MILLER, ESQ.
ANDREW ALEXANDROFF, ESQ.
Attorneys for Plaintiff, DANIEL VALLES

# EXHIBT A

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

1. Submit to Appropriate Federal Agency:

National Park Service

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

Daniel Valles-1885 Pacific Ave Apt 103 San Francisco, CA 94109 / Vaziri Law Group-5757 Wilshire Blvd., Suite 670 Los CA 90036

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 02/23/1980 | Single | 05/04/2019 | 14:30 p.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Mr. Valles slipped on a liquid substance while walking down on the right hand side of the stairs at the General's Residence located on Fort Mason. There was no handrail on the right-hand side of the staircase and as a result, Mr. Valles fell down the stairs.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Broken Left Ankle & Torn Syndesmosis Ankle Ligament

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TBD | TBD |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| Not Applicable | $5,000,000.00 | Not Applicable | $5,000,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | (310) 777-7540 | 10/04/2019 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Golden Gate National Parks
Building 201, Fort Mason
San Francisco, CA 94123-0022

9590 9402 3703 7335 5295 71

2. Article Number (*Transfer from service label*)

7019 0700 0001 7592 5337

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Mel Wong ☑ Agent ☐ Address

B. Received by (*Printed Name*) Mel Wong

C. Date of Delive Oct. 31

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receip

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
**Total Postage and Fees**
$
*Sent To*
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

Postmark Here

7019 0700 0001 7592 5337

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

# EXHIBT B

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States of America | Daniel Valles-1885 Pacific Ave Apt 103 San Francisco, CA 94109 / Vaziri Law Group-5757 Wilshire Blvd., Suite 670 Los CA 90036 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 02/23/1980 | Single | 05/04/2019 | 14:30 p.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Mr. Valles slipped on a liquid substance while walking down on the right hand side of the stairs at the General's Residence located on Fort Mason. There was no handrail on the right-hand side of the staircase and as a result, Mr. Valles fell down the stairs.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Broken Left Ankle & Torn Syndesmosis Ankle Ligament

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TBD | TBD |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| Not Applicable | $5,000,000.00 | Not Applicable | $ 5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | (310) 777-7540 | 10/04/2019 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

9590 9402 4887 9032 2390 72

2. Article Number (*Transfer from service label*)

7019 0700 0001 7592 5344

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Carly Sase

OCT 5 2019

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$

**Total Postage and Fees**
$

Postmark
Here

*Sent To*

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7019 0700 0001 7592 5344